1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

*IFP Pending* (handwritten, left margin, vertical)

# UNITED STATES DISTRICT COURT FOR THE

## WESTERN DISTRICT OF WASHINGTON

### SEATTLE DIVISION

AMAR SAFADI, et al.,

                         Plaintiffs,

      v.

STATE OF WASHINGTON,

                     Defendant.

**CIVIL ACTION NO.**

**18-CV- 1304** *JCC* (handwritten)

☒ Trial by Jury requested.

**COMPLAINT  [28 U.S.C. § 1331]**

WE THE PEOPLE OF THE UNITED STATES OF AMERICA demand the following:

- Equal Due Process

- Amending the Revised Code of Washington

- Revising Court Form FL All Family 140

- Vacating all restraining / protection orders issued in the absence of due process.

*COMPLAINT [28 U.S.C. § 1331]*

*Page 1*

*Amar Safadi*
*PO Box 30501*
*Bellingham, WA 98228*
*elsafadi@hotmail.com*
*(360) 966-6956*

# I. JURISDICTION

This court has original jurisdiction under the provisions of the United States Code, Title 28 § 1331.

## II. FACTUAL AND PROCEDURAL HISTORY

There is a statewide corruption in Washington State's family courts. In Washington State, Superior Courts handle *Dissolution of Marriage with Children*. In these courts, prosecutors, state judges, and state attorneys have been violating the civil rights of state residents by denying them equal due process and parenting rights under the equal protection clause of the Fourteenth Amendment of the United States Constitution. This has already been exposed and found in the case of *Tatari v. Safadi* (2018) State of Washington, Snohomish County Superior Court – Docket No. 17-3-02837-31.

The state is abusing the federal incentive program under Title IV-D to enforce Child Support. Washington State Superior Courts have created two classes of citizens, custodial and non-custodial parents. Moreover, these superior courts have repeatedly issued protection and/or restraining orders against non-custodial parents with false allegations of domestic violence brought by the custodial parents and/or their attorneys. The scheme is basically to bar the non-custodial parents access to their children. This strategy would maximize Child Support payments and therefore the federal funding that the state receives. Sadly, the victims of this corruption are American parents who are deprived of custody of their children. Even parents who served honorably in our military and law enforcements are not immune to this corruption and abuse of their parental rights. Many parents have suffered grievous loss and some have even committed suicide.  It appears as if the State of Washington's least concern is the suffering of children, the homeless, or the breakup of American families as long as it continues to maximize the federal funding it receives under Title IV-D. This is a great injustice in our nation that promises "Justice and Liberty for All."

*COMPLAINT [28 U.S.C. § 1331]*

Amar Safadi
PO Box 30501
Bellingham, WA 98228
elsafadi@hotmail.com
(360) 966-6956

### III. LEGAL ARGUMENT

The rights of parents to the care, custody and nurture of their children is of such character that it cannot be denied without violating those fundamental principles of liberty and justice which lie at the base of all our civil and political institutions, and such right is a fundamental right protected by this amendment (First) and Amendments 5, 9, and 14. Doe v. Irwin, 441 F Supp 1247; U.S. D.C. of Michigan, (1985).

The several states have no greater power to restrain individual freedoms protected by the First Amendment than does the Congress of the United States. Wallace v. Jaffree, 105 S Ct 2479; 472 US 38, (1985).

Loss of First Amendment Freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury. Though First Amendment rights are not absolute, they may be curtailed only by interests of vital importance, the burden of proving which rests on their government. Elrod v. Burns, 96 S Ct 2673; 427 US 347, (1976).

Law and court procedures that are "fair on their faces" but administered "with an evil eye or a heavy hand" was discriminatory and violates the equal protection clause of the Fourteenth Amendment. Yick Wo v. Hopkins, 118 US 356, (1886).

Even when blood relationships are strained, parents retain vital interest in preventing irretrievable destruction of their family life; if anything, persons faced with forced dissolution of their parental rights have more critical need for procedural protections than do those resisting state intervention into ongoing family affairs. Santosky v. Kramer, 102 S Ct 1388; 455 US 745, (1982).

Parents have a fundamental constitutionally protected interest in continuity of legal bond with their children. Matter of Delaney, 617 P 2d 886, Oklahoma (1980).

*Amar Safadi*
*PO Box 30501*
*Bellingham, WA 98228*
*elsafadi@hotmail.com*
*(360) 966-6956*

The liberty interest of the family encompasses an interest in retaining custody of one's children and, thus, a state may not interfere with a parent's custodial rights absent due process protections. Langton v. Maloney, 527 F Supp 538, D.C. Conn. (1981).

Parent's right to custody of child is a right encompassed within protection of this amendment which may not be interfered with under guise of protecting public interest by legislative action which is arbitrary or without reasonable relation to some purpose within competency of state to effect. Regenold v. Baby Fold, Inc., 369 NE 2d 858; 68 Ill 2d 419, appeal dismissed 98 S Ct 1598, 435 US 963, IL, (1977).

Parent's interest in custody of her children is a liberty interest which has received considerable constitutional protection; a parent who is deprived of custody of his or her child, even though temporarily, suffers thereby grievous loss and such loss deserves extensive due process protection. In the Interest of Cooper, 621 P 2d 437; 5 Kansas App Div 2d 584, (1980).

The Due Process Clause of the Fourteenth Amendment requires that severance in the parent-child relationship caused by the state occur only with rigorous protections for individual liberty interests at stake. Bell v. City of Milwaukee, 746 F 2d 1205; US Ct App 7th Cir WI, (1984).

Father enjoys the right to associate with his children which is guaranteed by this amendment (First) as incorporated in Amendment 14, or which is embodied in the concept of "liberty" as that word is used in the Due Process Clause of the 14th Amendment and Equal Protection Clause of the 14th Amendment. Mabra v. Schmidt, 356 F Supp 620; DC, WI (1973).

"Separated as our issue is from that of the future interests of the children, we have before us the elemental question whether a court of a state, where a mother is neither domiciled, resident nor present, may cut off her immediate right to the care, custody, management and companionship of

*COMPLAINT [28 U.S.C. § 1331]*

*Page 4*

Amar Safadi
PO Box 30501
Bellingham, WA 98228
elsafadi@hotmail.com
(360) 966-6956

her minor children without having jurisdiction over her in personam. Rights far more precious to appellant than property rights will be cut off if she is to be bound by the Wisconsin award of custody." May v. Anderson, 345 US 528, 533; 73 S Ct 840, 843, (1952).

A parent's right to care and companionship of his or her children are so fundamental, as to be guaranteed protection under the First, Ninth, and Fourteenth Amendments of the United States Constitution. In re: J.S. and C., 324 A 2d 90; supra 129 NJ Super, at 489.

The Court stressed, "the parent-child relationship is an important interest that undeniably warrants deference and, absent a powerful countervailing interest, protection." A parent's interest in the companionship, care, custody and management of his or her children rises to a constitutionally secured right, given the centrality of family life as the focus for personal meaning and responsibility. Stanley v. Illinois, 405 US 645, 651; 92 S Ct 1208, (1972).

Parent's rights have been recognized as being "essential to the orderly pursuit of happiness by free man." Meyer v. Nebraska, 262 US 390; 43 S Ct 625, (1923).

The U.S. Supreme Court implied that "a (once) married father who is separated or divorced from a mother and is no longer living with his child" could not constitutionally be treated differently from a currently married father living with his child. Quilloin v. Walcott, 98 S Ct 549; 434 US 246, 255^Q56, (1978).

The U.S. Court of Appeals for the 9th Circuit (California) held that the parent-child relationship is a constitutionally protected liberty interest. (See; Declaration of Independence –life, liberty and the pursuit of happiness and the 14th Amendment of the United States Constitution — No state can deprive any person of life, liberty or property without due process of law nor deny any person the equal protection of the laws.) Kelson v. Springfield, 767 F 2d 651; US Ct App 9th Cir, (1985).

*Amar Safadi*
*PO Box 30501*
*Bellingham, WA 98228*
*elsafadi@hotmail.com*
*(360) 966-6956*

The parent-child relationship is a liberty interest protected by the Due Process Clause of the 14th Amendment. Bell v. City of Milwaukee, 746 f 2d 1205, 1242^Q45; US Ct App 7th Cir WI, (1985). No bond is more precious and none should be more zealously protected by the law as the bond between parent and child." Carson v. Elrod, 411 F Supp 645, 649; DC E.D. VA (1976).

A parent's right to the preservation of his relationship with his child derives from the fact that the parent's achievement of a rich and rewarding life is likely to depend significantly on his ability to participate in the rearing of his children. A child's corresponding right to protection from interference in the relationship derives from the psychic importance to him of being raised by a loving, responsible, reliable adult. Franz v. U.S., 707 F 2d 582, 595^Q599; US Ct App (1983).

A parent's right to the custody of his or her children is an element of "liberty" guaranteed by the 5th Amendment and the 14th Amendment of the United States Constitution. Matter of Gentry, 369 NW 2d 889, MI App Div (1983).

Reality of private biases and possible injury they might inflict were impermissible considerations under the Equal Protection Clause of the 14th Amendment. Palmore v. Sidoti, 104 S Ct 1879; 466 US 429.

Legislative classifications which distributes benefits and burdens on the basis of gender carry the inherent risk of reinforcing stereotypes about the proper place of women and their need for special protection; thus, even statutes purportedly designed to compensate for and ameliorate the effects of past discrimination against women must be carefully tailored. the state cannot be permitted to classify on the basis of sex. Orr v. Orr, 99 S Ct 1102; 440 US 268, (1979).

The United States Supreme Court held that the "old notion" that "generally it is the man's primary responsibility to provide a home and its essentials" can no longer justify a statute that discriminates

*COMPLAINT [28 U.S.C. § 1331]*

Amar Safadi
PO Box 30501
Bellingham, WA 98228
elsafadi@hotmail.com
(360) 966-6956

on the basis of gender. No longer is the female destined solely for the home and the rearing of the

family, and only the male for the marketplace and the world of ideas. Stanton v. Stanton, 421 US

7, 10; 95 S Ct 1373, 1376, (1975).

Judges must maintain a high standard of judicial performance with particular emphasis upon

conducting litigation with scrupulous fairness and impartiality. 28 USCA § 2411; Pfizer v. Lord,

456 F.2d 532; cert denied 92 S Ct 2411; US Ct App MN, (1972).

State Judges, as well as federal, have the responsibility to respect and protect persons from

violations of federal constitutional rights. Gross v. State of Illinois, 312 F 2d 257; (1963).

The Constitution also protects "the individual interest in avoiding disclosure of personal matters."

Federal Courts (and State Courts), under Griswold can protect, under the "life, liberty and pursuit

of happiness" phrase of the Declaration of Independence, the right of a man to enjoy the mutual

care, company, love and affection of his children, and this cannot be taken away from him without

due process of law. There is a family right to privacy which the state cannot invade or it becomes

actionable for civil rights damages. Griswold v. Connecticut, 381 US 479, (1965).

The right of a parent not to be deprived of parental rights without a showing of fitness,

abandonment or substantial neglect is so fundamental and basic as to rank among the rights

contained in this Amendment (Ninth) and Utah's Constitution, Article 1 § 1. In re U.P., 648 P 2d

1364; Utah, (1982).

The rights of parents to parent-child relationships are recognized and upheld. Fantony v. Fantony,

122 A 2d 593, (1956); Brennan v. Brennan, 454 A 2d 901, (1982). State's power to legislate,

adjudicate and administer all aspects of family law, including determinations of custodial; and

visitation rights, is subject to scrutiny by federal judiciary within reach of due process and/or equal

*COMPLAINT [28 U.S.C. § 1331]*

*Page 7*

Amar Safadi
PO Box 30501
Bellingham, WA 98228
elsafadi@hotmail.com
(360) 966-6956

protection clause of 14th Amendment...Fourteenth Amendment applied to states through specific rights contained in the first eight amendments of the Constitution which declares fundamental personal rights...Fourteenth Amendment encompasses and applied to states those preexisting fundamental rights recognized by the Ninth Amendment. The Ninth Amendment acknowledged the prior existence of fundamental rights with it: "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." The United States Supreme Court, in a long line of decisions, has recognized that matters involving marriage, procreation, and the parent-child relationship are among those fundamental "liberty" interests protected by the Constitution. Thus, the decision in Roe v. Wade, 410 US 113; 93 S Ct 705; 35 L Ed 2d 147, (1973), was recently described by the Supreme Court as founded on the "Constitutional underpinning of ... a recognition that the "liberty" protected by the Due Process Clause of the 14th Amendment includes not only the freedoms explicitly mentioned in the Bill of Rights, but also a freedom of personal choice in certain matters of marriage and family life." The non-custodial divorced parent has no way to implement the constitutionally protected right to maintain a parental relationship with his child except through visitation. To acknowledge the protected status of the relationship as the majority does, and yet deny protection under Title 42 USC § 1983, to visitation, which is the exclusive means of effecting that right, is to negate the right completely. Wise v. Bravo, 666 F.2d 1328, (1981).

FROM THE COLORADO SUPREME COURT, 1910

In controversies affecting the custody of an infant, the interest and welfare of the child is the primary and controlling question by which the court must be guided.  This rule is based upon the theory that the state must perpetuate itself, and good citizenship is essential to that end.  Though

Amar Safadi
PO Box 30501
Bellingham, WA 98228
elsafadi@hotmail.com
(360) 966-6956

nature gives to parents the right to the custody of their own children, and such right is scarcely less sacred than the right to life and liberty, and is manifested in all animal life, yet among mankind the necessity for government has forced the recognition of the rule that the perpetuity of the state is the first consideration, and parental authority itself is subordinate to this supreme power.  It is recognized that:  'The moment a child is born it owes allegiance to the government of the country of its birth, and is entitled to the protection of that government.  And such government is obligated by its duty of protection, to consult the welfare, comfort and interest of such child in regulating its custody during the period of its minority.'  Mercein v. People, 25 Wend.  (N. Y.) 64, 103, 35 Am. Dec. 653; McKercher v. Green, 13 Colo. App. 271, 58 Pac. 406.  But as government should never interfere with the natural rights of man, except only when it is essential for the good of society, the state recognizes, and enforces, the right which nature gives to parents [48 Colo. 466] to the custody of their own children, and only supervenes with its sovereign power when the necessities of the case require it.

The experience of man has demonstrated that the best development of a young life is within the sacred precincts of a home, the members of which are bound together by ties entwined through 'bone of their bone and flesh of their flesh'; that it is in such homes and under such influences that the sweetest, purest, noblest, and most attractive qualities of human nature, so essential to good citizenship, are best nurtured and grow to wholesome fruition; that, when a state is based and built upon such homes, it is strong in patriotism, courage, and all the elements of the best civilization.  Accordingly these recurring facts in the experience of man resulted in a presumption establishing prima facie that parents are in every way qualified to have the care, custody, and control of their own offspring, and that their welfare and interests are best subserved under such

*COMPLAINT [28 U.S.C. § 1331]*

*Page 9*

*Amar Safadi*
*PO Box 30501*
*Bellingham, WA 98228*
*elsafadi@hotmail.com*
*(360) 966-6956*

control.  Thus, by natural law, by common law, and, likewise, the statutes of this state, the natural parents are entitled to the custody of their minor children, except when they are unsuitable persons to be entrusted with their care, control, and education, or when some exceptional circumstances appear which render such custody inimicable to the best interests of the child.  While the right of a parent to the custody of its infant child is therefore, in a sense, contingent, the right can never be lost or taken away so long as the parent properly nurtures, maintains, and cares for the child. Wilson v. Mitchell, 111 P. 21, 25-26, 48 Colo. 454 (Colo. 1910)

## IV. DEMANDS

### 1.  AMENDING THE REVISED CODE OF WASHINGTON

The equal protection clause of the 14th Amendment of the U.S. Constitution defends a 50/50 shared LEGAL custody of children by their mothers and fathers regardless if the parents are married or not. The current Revised Code of Washington and specifically RCW 9A.72.020 (1) is shielding the divorcing parents and their attorneys against perjury prosecution from false allegations of domestic violence. The state's statutes should be amended as follows:

| RCW | Action Needed | Benefit |
|---|---|---|
| RCW 9A.72.020 (1) | Strike "under an oath required or authorized by law" | Equal Due Process |

### 2.  REVISING COURT FORM: FL All Family 140

- Section 7 lists only one custodian. Having one name listed would inadvertently classify the other parent as a non-custodian. The current form is discriminatory by classifying parents as custodians and non-custodians.  This is a violation of the US Constitution, namely the

*COMPLAINT [28 U.S.C. § 1331]*

*Page 10*

Amar Safadi
PO Box 30501
Bellingham, WA 98228
elsafadi@hotmail.com
(360) 966-6956

equal protection clause of the Fourteenth Amendment. The form should be revised to include two legal custodian parents. This change is possible and has already been implemented by several states.

- The court should not interfere in residential time schedule when there is no limitation on one of the parents. When both parents are fit and capable, Parenting-Time-Schedule should be deferred to Dispute Resolution. A parent should be presumed competent to care for his or her own children in the absence of an affirmation showing to the contrary. The state may not interfere with a parent's LEGAL custodial rights absent equal due process protections. Parent's right to legal custody of child is a right encompassed within protection of the 14th Amendment, which may not be interfered by legislative action. With the help of dispute resolution, parties should work on a reasonable PHYSICAL custody / residential schedule that is in the best interest of the children.

3.  VACATING ALL RESTRAINING / PROTECTION ORDERS

Any restraining and/or protection order issued in family courts statewide denying access to one of the parent to his/her children done in the absence of equal due process should be immediately vacated.

Amar Safadi
PO Box 30501
Bellingham, WA 98228
elsafadi@hotmail.com
(360) 966-6956

## V. CONCLUSION & RELIEF

The citizens of the United States of America demand that the State of Washington uphold the US Constitution and its Amendments. In relief, we demand that all restraining / protection orders issued absent of equal due process denying access to one of the parent to his/her children be immediately vacated. The state's residents deserve extensive equal due process protection through amending the state's statutes. This can easily be accomplished by amending the Revised Code of Washington as well as Court Form All Family FL 140.

Dated: September 4th, 2018

Respectfully submitted,

Amar Safadi, pro se

Amar Safadi
PO Box 30501
Bellingham, WA 98228
elsafadi@hotmail.com
(360) 966-6956

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was manually filled with the United States District Court, Western District of Washington – Seattle Division.  I certify that service will be accomplished upon the following parties:


- ROBERT W. FERGUSON, WSBA # 26004 WASHINGTON STATE ATTORNEY GENERAL

- SUPREME COURT OF WASHINGTON

- WASHINGTON STATE LEGISLATURE – SENATE

- WASHINGTON STATE LEGISLATURE – HOUSE OF REPRESENTATIVES


Dated: September 4th, 2018

Amar Safadi, pro se

*COMPLAINT [28 U.S.C. § 1331]*

*Page 13*

Amar Safadi
PO Box 30501
Bellingham, WA 98228
elsafadi@hotmail.com
(360) 966-6956