THE HONORABLE JOHN C. COUGHENOUR

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| AMAR SAFADI, | CASE NO. C18-1304-JCC |
| Plaintiff, | MINUTE ORDER |
| v. | |
| STATE OF WASHINGTON, | |
| Defendant. | |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court *sua sponte*. On September 6, 2018, Magistrate Judge Brian Tsuchida granted Plaintiff's motion to proceed *in forma pauperis* and recommended the complaint be reviewed under 28 U.S.C. § 1915(e)(2)(B) prior to the issuance of a summons. (Dkt. No. 4.)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an *in forma pauperis* complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. Federal Rule of Civil Procedure 8 provides that in order to state a claim for relief, a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). At a minimum, a

complaint must put defendants on notice of what wrongs they committed against the plaintiff. *See McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996).

The Court does not find that Plaintiff's complaint contains a short and plain statement of a claim showing he is entitled to relief. The complaint also does not place Defendant(s) on notice of the claims against it/them. This is true even when the Court applies the Ninth Circuit's directive to construe *pro se* complaints liberally. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). In his complaint, Plaintiff names the State of Washington as Defendant. (Dkt. No. 5.) If the Court construes Docket Number 19 as an amended complaint in this case, Plaintiff names the United States and all of the individual states and territories as Defendants. (Dkt. No. 19.) Regardless of which document is the operative complaint, Plaintiff has failed to demonstrate how any of these parties harmed him. Plaintiff neither alleges the type of harm that he suffered nor how any of the named Defendants harmed him. Although the Court finds the complaint fails to state a claim upon which relief can be granted, it will not dismiss a claim unless "it is absolutely clear that no amendment can cure the [complaint's] defect." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Accordingly, the Court ORDERS that Plaintiff shall file an amended complaint no later than twenty-one (21) days from the date of this order. In his amended complaint, Plaintiff must clearly identify the Defendant(s), the constitutional or federal statutory claim(s) asserted, the specific facts which Plaintiff believes support each claim, and the specific relief requested.

DATED this 3rd day of October 2018.

William M. McCool
Clerk of Court

s/Tomas Hernandez
Deputy Clerk
