THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAR SAFADI,

                Plaintiff,

    v.

THE UNITED STATES, *et al.*,

                Defendants.

CASE NO. C18-1304-JCC

ORDER

This matter comes before the Court *sua sponte*. On September 6, 2018, Magistrate Judge Brian Tsuchida granted Plaintiff's motion to proceed *in forma pauperis* and recommended that Plaintiff's complaint be reviewed under 28 U.S.C. § 1915(e)(2)(B) prior to the issuance of a summons. (Dkt. No. 4.)

The Court must dismiss an *in forma pauperis* complaint at any time if it fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In order to state a claim for relief, a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). At a minimum, a complaint must put defendants on notice of what wrongs they committed against the plaintiff. *See McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996).

The Court previously dismissed Plaintiff's complaint without prejudice and with leave to

amend because Plaintiff did not allege how the named Defendants injured him. (Dkt. No. 21.) Plaintiff filed two amended complaints and three motions for findings of fact and conclusions of law, all of which are substantively similar. (*See* Dkt. Nos. 22, 23, 24, 25, 26.) Regardless of which filing the Court takes as the operative amended complaint, it fails to state a claim. In his first amended complaint, Plaintiff appears to be contesting the validity of both his state court dissolution proceedings and Washington State's dissolution proceedings procedure. (*See* Dkt. No. 22.) But Plaintiff fails to allege this Court's authority to review those proceedings. (*Id.*) In his second amended complaint, Plaintiff seeks many kinds of relief, including issuance of a presidential pardon; halting child support enforcement nationwide; protecting national parks, public lands, and the environment for future generations; supporting health, science, education, and infrastructure; and abolishing all debtors' prisons. (Dkt. No. 25.) He names the United States and all of its states and territories as Defendants. (*Id.*) In this complaint, it appears that Plaintiff is just attempting to use this Court to change everything he does not like about the United States and its laws. (*See id.*) Plaintiff does not allege how any of the relief sought would cure a harm he has suffered. (*See id.*) Plaintiffs' three motions for findings of fact and conclusions of law, should they be construed as complaints, suffer from the same problems. (*See* Dkt. Nos. 23, 24, 26.)

Even applying the Ninth Circuit's directive to construe *pro se* complaints liberally, the Court cannot find that Plaintiff has stated a claim upon which relief can be granted. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Accordingly, the Court DISMISSES Plaintiff's amended complaint without prejudice.

DATED this 19th day of December 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C18-1304-JCC
PAGE - 2